IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| **National Liability & Fire Insurance Company,** | ) |
| | ) Case No. 26-CV-134 |
| Plaintiff, | ) |
| | ) |
| v. | ) **COMPLAINT FOR DECLARATORY** |
| | ) **JUDGMENT** |
| **LTL LED, LLC d/b/a Wolf River Electric, Nolan Ferber, and the Estate of Heather Rae Nigh,** | ) |
| | ) |
| Defendants. | ) |

COMES NOW Plaintiff, National Liability & Fire Insurance Company ("NL&F"), by and through the undersigned counsel, as and for its Complaint for Declaratory Judgment against Defendants LTL LED, LLC d/b/a Wolf River Electric, Nolan Ferber, and the Estate of Heather Rae Nigh, states and alleges as follows:

## INTRODUCTORY SUMMARY

1.  This is an action brought under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, by which Plaintiff NL&F seeks a declaration of the parties' respective rights, duties, and obligations under a Minnesota business auto policy that NL&F issued and delivered to Defendant LTL LED, LLC d/b/a Wolf River Electric in Isanti, Minnesota.

2.  A 1998 Ford Econoline (Minnesota Plate: DTD 403), owned by Defendant LTL LED, LLC d/b/a Wolf River Electric ("LTL"), and operated by its employee Defendant Nolan Ferber, was involved in a collision on April 15, 2024 with a 2022 Chevrolet Malibu (Wisconsin Plate: AGZ4882) owned and operated by Heather Rae Nigh (deceased) near the

Town of Deer Creek, Taylor County, Wisconsin ("the Accident"). The 1998 Ford Econoline was scheduled on the Minnesota business auto policy NL&F issued to Defendant LTL.

3. That, specifically, NL&F seeks a judgment declaring this policy provides a total $1,000,000 combined single limit for liability coverage per accident, regardless of the number of persons who may qualify as an insured under the NL&F policy because this Minnesota business auto policy was issued and delivered to Defendant LTL, a Minnesota LLC, at its principle place of business in Isanti, Minnesota.

## PARTIES, JURISDICTION, AND VENUE

4. Plaintiff NL&F is an insurance company incorporated under the laws of the State of Connecticut, with a statutory address of 100 First Stamford Place in Stamford, Connecticut 06902. Plaintiff NL&F's principal place of business is 1314 Douglass Street, Suite 1400 in Omaha, Nebraska 68102, and NL&F is authorized to issue casualty policies and otherwise conduct business in Minnesota and Wisconsin.

5. Defendant LTL LED, LLC d/b/a Wolf River Electric, upon information and belief, is a Minnesota LLC organized, and existing, under the laws of the State of Minnesota with its principal place of business located at 101 Isanti Parkway NE, Suite G in Isanti, Minnesota 54002.

6. Upon information and belief, Defendant Nolan Ferber resided at 673 Shardlow Place NE in Byron, Minnesota 55920 at the time of the Accident, and is a citizen of Minnesota.

7. Upon information and belief, Heather Rae Nigh (deceased) resided at 11288 Mayflower Road in Milladore, Wisconsin 54454 at the time of the Accident, and was a citizen of Wisconsin.

8. Upon information and belief, Heather Rae Nigh (deceased) died from injuries sustained as a result of an unrelated motor-vehicle accident on or about December 31, 2025 in Wood County, Wisconsin. Ms. Nigh's death was unrelated to the Accident.

9. Upon information and belief, Heather Rae Nigh (deceased) resided at 11288 Mayflower Road in Milladore, Wisconsin 54454 at the time of her death.

10. Upon information and belief, Penny Bastian, who resides at 1812 Pershing Place in Janesville, Wisconsin 53546 has applied to be the special administrator for the Estate of Heather R. Nigh in the matter of *In the Estate of Heather R. Nigh*, Wood County Circuit Court Case No. 2026PR000005, which is pending. The Estate of Heather R. Nigh is joined in this action as an "interested party" with respect to Plaintiff NL&F's claim for declaratory relief against Defendants LTL and Ferber.

11. That this Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(a)(1), as the amount in controversy exceeds the sum of $75,000 and there is diversity of citizenship between Plaintiff NL&F and Defendants.

12. That this Court has personal jurisdiction over Defendants and Venue is proper herein as the Accident from which Heather Rae Nigh (deceased) alleged bodily injuries and which the Estate of Heather R. Nigh seeks damages occurred in Wisconsin.

## FACTUAL BACKGROUND

13. That on or about April 15, 2024, a collision occurred near the Town of Deer Creek, Taylor County, Wisconsin. The Accident involved a 2022 Chevrolet Malibu (Wisconsin Plate: AGZ4882) owned and operated by Heather Rae Nigh (deceased) and a 1998 Ford Econoline (Minnesota Plate: DTD 403), owned by Defendant LTL, which was operated by Defendant Nolan Ferber.

14. That Heather Rae Nigh (deceased) sustained bodily injuries as a result of the Accident, and sought damages from Defendant LTL and Defendant Ferber prior to her December 31, 2025, unrelated death. Upon information and belief, the Estate of Heather R. Nigh now seeks damages from Defendants LTL and Ferber for personal injuries Heather Rae Nigh (deceased) sustained as a result of the Accident.

## THE NL&F POLICY

15. That at all times material herein, there was in effect a Minnesota business auto insurance policy, which was issued and delivered by Plaintiff NL&F to Defendant LTL, a Minnesota LLC, with a principal place of business in Isanti, Minnesota ("the Policy"). A true and correct certified copy of the Policy, appropriately redacted, is attached hereto as **Exhibit 1** and incorporated by reference.

16. That the Policy provided a $1,000,000 combined single limit (CSL) for liability coverage.[1] As indicated in the Business Auto Coverage form of the Minnesota policy, this limit of insurance is the most we [NL&F] will pay for any one accident, regardless of the

number of covered autos, insureds, premiums paid, claims made, or vehicles involved in that accident. The Policy was issued and delivered to Defendant LTL, a Minnesota LLC, at its principal place of business in Isanti, Minnesota.

17. The 1998 Ford Econoline involved in the Accident was listed on the Policy with an Isanti, Minnesota garaging location.

18. That the Policy contains other terms, conditions, limitations, and exclusions which may also exclude or limit coverage with respect to claims asserted as a result of the Accident.

## **CLAIM FOR DECLARATORY JUDGMENT**

19. That Plaintiff NL&F re-alleges and incorporates by reference the preceding paragraphs.

20. That Defendants LTL and Ferber seek liability coverage and defense from Plaintiff NL&F with respect to the claims asserted by Heather Rae Nigh (deceased) and/or Defendant the Estate of Heather R. Nigh as a result of the Accident.

21. That the Policy provides one $1,000,000 combined single limit for any one accident for any and all claims against Defendants LTL and Ferber because this Minnesota policy was issued and delivered to Defendant LTL, a Minnesota LLC, at its principal place of business in Isanti, Minnesota.

22. Heather Rae Nigh (deceased) and/or Defendant the Estate of Heather R. Nigh reference Wis. Stat. § 632.32 and claim they are entitled to multiple limits under the Policy

---

[1] Heather Nigh was previously paid $1,000 for her property damage, and only $999,000 of this limit remains.

($2,000,000 total) for the Accident.

23.     That Plaintiff NL&F appointed defense counsel for Defendants LTL and Ferber for the claims asserted by Heather Rae Nigh (deceased) and/or Defendant the Estate of Heather R. Nigh; offered the remaining limit of $999,000; and informed Defendants LTL and Ferber, in writing, that Plaintiff NL&F would not indemnify for any amount in excess of the $1,000,000 combined single limit contained in the Policy.

24.     That there is an actual controversy, which is ripe for adjudication concerning whether the Policy provides one $1,000,000 combined single limit for any one accident for any and all claims asserted by Heather Rae Nigh (deceased) and/or Defendant the Estate of Heather R. Nigh against Defendants LTL and Ferber as a result of the Accident.

25.     That NL&F is entitled to a declaration that the Policy provides one $1,000,000 combined single limit for any and all claims against Defendants LTL and Ferber asserted by Heather Rae Nigh (deceased) and/or the Estate of Defendant Heather R. Nigh as a result of the Accident.

26.     That NL&F is entitled to a declaration that it has no duty to defend or indemnify Defendants LTL and Ferber for any claims asserted by Heather Rae Nigh (deceased) and/or the Estate of Defendant Heather R. Nigh as a result of the Accident, after payment of the one available $1,000,000 combined single limit.

WHEREFORE, Plaintiff NL&F respectfully requests the Order and Judgment of this Court declaring, adjudicating, and determining as follows:

a. That Plaintiff NL&F's Policy provides one $1,000,000 combined single limit for any and all claims against Defendants LTL and Ferber asserted by Heather Rae Nigh (deceased) and/or the Estate of Defendant Heather R. Nigh as a result of the Accident.

b. That Plaintiff NL&F has no duty to defend or indemnify Defendants LTL and Ferber for any liability or damages recovered or awarded against them by settlement or judgment over and above the $1,000,000 combined single limit for any and all claims by Heather Rae Nigh (deceased) and/or the Estate of Defendant Heather R. Nigh as a result of the Accident.

c. That Plaintiff NL&F has no duty to defend Defendants LTL and Ferber after total payment of the $1,000,000 combined single limit.

d. That Plaintiff NL&F is entitled to its costs and disbursements incurred herein.

e. For such other and further relief, the Court deems equitable and just.

**REDING & PILNEY, LLC**

Date: February 20, 2026

s/Stuart T. Johnson
Stuart T. Johnson (WI 1096114)
*Attorneys for Plaintiff National Liability & Fire Insurance Company*
8661 Eagle Point Boulevard
Lake Elmo, MN 55042
(651) 702-1414
stuart.johnson@redingpilney.com